Plaintiff's Name_*CEASAR DUNCAN*_

CDCR No._*V08044*_

Address _*3000 W. CECIL*_
_*DELANO, CA.*_
_*93216*_

**FILED**

**Aug 19, 2024**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

_*CEASAR DUNCAN*_
(Name of Plaintiff)

1:24-cv-00970-HBK (PC)
(Case Number)

VS.

_*T.L. CAMPBELL (WARDEN)*_

_*E. GARZA (CAPTAIN)*_

_*R. OZUNA (LIEUTENANT)*_

_*R. HUERTA (I.S.U. LIEUTENANT)*_

_*H. HERNANDEZ (SERGEANT)*_

_*E. CANTU (CC II )*_

(Names of all Defendants)

**CIVIL RIGHTS COMPLAINT UNDER:**

☐ **42 U.S.C. 1983 (State Prisoner)**

## I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner? Yes____ No _X_

B. If your answer to A is yes, how many? _____

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

_____

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____    4. Assigned Judge _____

5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

_____

6. Filing Date (approx.) _____    7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:**  Pursuant to the Prison Litigation Reform Act of 1995, A[n]o action shall be brought with respect to prison conditions under [42 U.S.C. ' 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.@  42 U.S.C. ' 1997e(a).  Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice.  <u>Jones</u>, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes___X___    No_____

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes___X___    No_____

C. Is the process completed?

Yes___X___        If your answer is yes, briefly explain what happened at each level.

MY CLAIM HAS BEEN IDENTIFIED AS AN ALLEGATION OF STAFF MISCONDUCT AND WOULD BE REFERRED OUTSIDE THE GRIEVANCE AND APPEAL PROCESS TO AN APPROPRIATE AUTHORITY WITHIN THE DEPARTMENT FOR THE PURPOSE OF GATHERING FACTS NEEDED TO PROVE OR DISPROVE THE ALLEGATION.

_____

No_____        If your answer is no, explain why not.

_____

_____

_____

_____

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name _J. JUAREZ_ is employed as _CORRECTIONAL OFFICER_

Current Address/Place of Employment _4001 KING AVE. CORCORAN, CA. 93212 / CORCORAN STATE PRISONER_

B. Name _I. SANCHEZ_ is employed as _CORRECTIONAL OFFICER_
" "

Current Address/Place of Employment _____

C. Name _A. VEGA_ is employed as _CORRECTIONAL OFFICER_
" "

Current Address/Place of Employment _____

D. Name _I. VIRDI_ is employed as _CORRECTIONAL OFFICER_
" "

Current Address/Place of Employment _____

E. Name _J. ROBLES - AYALA_ is employed as _CORRECTIONAL OFFICER_
" "

Current Address/Place of Employment _____

## IV. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

**Claim 1**: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom from cruel and unusual punishment, etc.):

THESE DEFENDANTS HAVE VIOLATED RIGHTS AFFORDED UNDER THE EIGHTH AMENDMENT THIS BY SUBJECTING ME TO AN ILLEGAL USE OF EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

WHILE INCARCERATED AT CSP-CORCORAN, I WAS THE SUBJECT OF AN ILLEGAL USE OF FORCE THAT WAS CLEARLY "EXCESSIVE" CULMINATING INTO ME BEING SERIOUSLY HARMED BOTH EMOTIONALLY AND PHYSICALLY. CONCISELY ON DECEMBER 9, 2022 WHILE ON SAID INSTITUTION'S 3-C YARD AND SECURED WITHIN THE CONFINES OF THE CELL I WAS ASSIGNED TO (#130) SEVERAL OF THE DEFENDANTS TO WIT CORRECTIONAL OFFICERS J. JUAREZ, J. MUSSELMAN, I. SANCHEZ, A. VEGA, J. ROBLES-AYALA, AND I. VIRDI FOR WHATEVER REASONS

## III.

(ADDITIONAL DEFENDANTS CONT.)

R. SILVA (LT.) CSP-CORCORAN

P. RODRIGUEZ (SGT.) CSP-CORCORAN

TAUANU'U (SGT.) CSP-CORCORAN

J. MUSSELMAN (C.O.) CSP-CORCORAN

M. ALVAREZ (C.O.) CSP-CORCORAN

M. ZEPEDA (C.O.) CSP-CORCORAN

INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES.

THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C 2201 AND 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTIONS 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

THE EASTERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

CLAIM 1
(SUPPORTIVE FACTS CONT.)

ICALLY FOR THE VERY PURPOSE OF CAUSING HARM BY THE AFOREMENTION DEFENDANTS AND CORRECTIONAL STAFF MEMBERS WHO RESPONDED ALSO NAMED DEFENDANTS TO INCLUDE M. ALVAREZ, M. ZEPEDA, AND H. HERNANDEZ. A BEATING WHICH INCLUDED ME BEING PUNCHED RELENTLESSLY AND KNEED IN MY HEAD NUMEROUS TIMES AS THESE DEFENDANTS HAD ME PINNED DOWN WITH MY ARMS TRAPPED BENEATH MY BODY AS THESE DEFENDANTS WERE IN A SUFFICIENTLY CULPABLE STATE OF MIND AND WITH A KNOWING WILLINGNESS THAT HARM WOULD OCCUR BOTH PHYSICALLY AND EMOTIONALLY. AFTER A CESSATION OF FORCE AND ME HAVING BEEN SECURED WITHIN RESTRAINTS, I WAS HOISTED TO MY FEET AND ESCORTED TO A TABLE LOCATED IN THE HOUSING UNIT DAYROOM WHERE I WAS MEDICALLY EVALUATED. UPON BEING MEDICALLY CLEARED, I WAS THEN ESCORTED TO THE FACILITIES PROGRAM OFFICE AND PLACED IN A HOLDING CELL PRESUMABLY TO AWAIT FOR HOUSING IN AD. SEG BUT DUE TO THE AFOREMENTIONED BEATING, ONE WHICH LEFT ME QUITE DISORIENTED AND IN GREAT PAIN, IT WAS LATER DETERMINED THAT I NEEDED A HIGHER LEVEL OF CARE THUS I WAS HOSPITALIZED.

APPROACHED THE CELL FRONT OF THE CELL THAT I WAS ASSIGNED TO AND THESE OFFICERS ABRUPTLY SIGNALED FOR THE CELL'S DOOR TO BE OPENED. HOWEVER THE DOOR DID NOT FULLY OPEN, LEADING TO GREAT IRE BEING DISPLAYED BY SAID DEFENDANTS FOR THE DOOR DID NOT FULLY OPEN DUE TO A SECURITY MEASURE I IMPLEMENTED WHICH WAS WHOLLY NECESSARY GIVEN THE HISTORY OF THE INSTITUTIONS STAFF IN ORCHESTRA-TING FIGHTS BETWEEN QUARRELLING FACTIONS ETC. NEVERTHELESS, AS I APPROACHED THE CELL FRONT, THIS IN ORDER TO DISABLE THE IMPROVISED DOOR LOCK, I UNWITTINGLY BECAME THE SUBJECT OF A BRUTAL ASSAULT AND BATTERY ONCE THE DEFENDANTS WERE ABLE TO PRY OPEN THE DOOR AS I WAS THEN THROWN TO THE CONCRETE PAVEMENT WITH SUCH FORCE, AN UNNECE-SSARY AND WANTON INFLICTION OF PAIN, AND ONCE I WAS ON THE GROUND DESPITE THEIR BEING NO RESISTANCE FROM ME AND AN ALARM HAVING BEING SOUNDED, I WAS SEVERELY BEATEN MALICIOUSLY AND SADIST-

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

THE DEFENDANTS HAVE VIOLATED RIGHTS AFFORDED UNDER THE FIRST AMENDMENT THIS BY "RETALIATION" AGAINST ME FOR REPORTING THEIR ILLICIT CONDUCT

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

ON DECEMBER 9, 2022 AFTER BEING BRUTALLY BEATEN AND KNEED IN MY HEAD NUMEROUS TIMES BY THE AFOREMENTIONED CORRECTIONAL OFFICERS (DEFENDANTS), I IMMEDIATELY REPORTED TO DEFENDANT H. HERNANDEZ (SGT.) THAT I WAS A VICTIM OF EXCESSIVE FORCE AND THAT I WANTED ALL BODY-WORN CAMERA FOOTAGE AS WELL AS 3-C-01 BUILDING AVSS FOOTAGE FROM EACH AND EVERY ANGLE. IN DIRECT RESPONSE, DEFENDANT H. HERNANDEZ TOLD HIS STAFF TO CHARGE ME WITH "BATTERY ON A PEACE OFFICER" WITHOUT DOING HIS OWN INDEPENDANT INVEST-

IGATION BY SIMPLY REVIEWING THE CAMERA FOOTAGE. INSTEAD, DEFENDANT H. HERNANDEZ RETALIATED BECAUSE I EXERCISED MY RIGHTS TO HAVE HIS STAFF CHARGED WITH VIOLATING MY CONSTITUTIONAL AND CIVIL RIGHTS. THIS RETALIATION WAS ARBITRARY AND CAPRICIOUS, WAS NOT A REASONABLE EXERCISE OF PRISON AUTHORITY AND DID NOT SERVE ANY LEGITIMATE CORRECTIONAL GOAL. ON DEFENDANT H. HERNANDEZ ORDERS, DEFENDANTS J. JUAREZ, I. VIRDI, A. VEGA, AND I. SANCHEZ ALL CONSPIRED TO FALSIFY DOCUMENTS IN A RACKETEERING INFLUENCED CORRUPT ORGANIZATION MANNER AND SUFFICIENTLY CULPABLE STATE OF MIND TO FALSELY IMPRISON ME FOR "BATTERY

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I SEEK $1.5 MILLION DOLLARS IN COMPENSATORY DAMAGES FOR PHYSICAL PAIN AND INJURY, PSYCHOLOGICAL DAMAGE INCLUDING PERSONAL HUMILIA- TION AND ANGUISH, LOSS OF LIBERTY AND INJURIES TO THE QUALITY OF MY LIFE WHILE INCARCERATED WITHIN CDCR. I SEEK AN ADDITIONAL $3 MILLION DOLLARS IN PUNITIVE DAMAGES BEING ASSESSED AND IMPOSED BASED ON THE REPREHENSIBLE CONDUCT HERE COMPLAINED OF AND ANY OTHER (SEE ATTACHED CONTINUANCE)

I declare under penalty of perjury that the foregoing is true and correct.

Date: 8/19/24      Signature of Plaintiff: Ceasar Duncan

(Revised 4/4/14)

(CLAIM 2 SUPPORTIVE FACTS CONT.)
ON A PEACE OFFICER." DEFENDANT'S R. OZUNA (LT.), R. HUERTA (I.S.U. LT.), R. SILVA (LT.), P. RODRIGUEZ (SGT.), AND E. CANTU (CC II) ALL WITHOUT EVER DOING AN INDEPENDANT INVESTIGATION BY NOT REVIEWING THE CAMERA FOOTAGE, FURTHER CONSPIRED BY SIGNING OFF ON THESE FALSE DOCUMENTS IN RETALIATION TO SILENCE ME FROM ASSERTING MY CONSTITUTIONAL RIGHTS AND TO CAUSE DURESS BY CLAIMING THAT I BATTERED A PEACE OFFICER AND THE DEPARTMENT REFERRING THIS MATTER TO THE LOCAL D.A.'s OFFICE FOR POSSIBLE CRIMINAL PROSECUTION, SEE 15 CCR § 3316 (a) AND MY BEING CHARGED WITH HAVING VIOLATED 15 CCR § 3005 (d)(1) "BATTERY ON A PEACE OFFICER".

ON JANUARY 18, 2023 A DISCIPLINARY HEARING ON THE MATTER WAS HELD, ONE IN WHICH I WAS ULTIMATELY ABSOLVED OF HAVING COMMITTED ANY TYPE OF BATTERY ON A PEACE OFFICER.

UPON RETURNING TO CSP-CORCORAN, AFTER BEING MEDICALLY CLEARED FROM OUTSIDE HOSPITAL, DEFENDANTS SGT. P. RODRIGUEZ AND A SGT. TUANU'U INTERVIEWED PLAINTIFF AT WHICH TIME HE EXPLAINED THAT HIS CIVIL AND CONSTITUTIONAL RIGHTS HAD BEEN VIOLATED AND ALL THE DEFENDANTS NEEDED TO DO WAS TO LOOK AT THE VIDEO FOOTAGE. IN AN EFFORT TO COVER FOR THEIR FELLOW EMPLOYEES, THE DEFENDANTS REFUSED TO DO AN

(CLAIM 2 SUPPORTIVE FACTS CONT.)

INDEPENDANT INVESTIGATION BY NOT LOOKING AT THE CAMERA FOOTAGE. IN A RACKETEERING INFLUENCED CORRUPT ORGANIZATION MANNER, DEFENDANTS P. RODRIGUEZ AND SGT. TUANU'S CONSPIRED TO RETALIATE AGAINST PLAINTIFF AND FURTHER ATTEMPT TO SILENCE HIM AND FALSELY IMPRISON HIM FOR ASSERTING HIS RIGHTS AFFORDED BY THE U.S. CONSTITUTION. DEFENDANTS ACTIONS AND INACTIONS BY REFUSING TO VIEW THE CAMERA FOOTAGE BEFORE SIGNING OFF ON THE AD-SEG PLACEMENT ORDER WERE RETALIATORY AND WERE ARBITRARY AND CAPRICIOUS AND THEREFORE, NOT A REASONABLE EXERCISE OF PRISON AUTHORITY AND DID NOT SERVE ANY LEGITIMATE CORRECTIONAL GOAL. HAD DEFENDANTS H. HERNANDEZ, R. OZUNA, R. HUERTA, P. RODRIGUEZ, R. SILVA, E. GARZA, AND E. CANTU VIEWED THE CAMERA FOOTAGE BEFORE SIGNING OFF ON FALSIFIED DOCUMENTS, THEY WOULD HAVE SEEN WITH THEIR OWN EYES THAT PLAINTIFF DID NOT BATTER A PEACE OFFICER ON DECEMBER 9, 2022 AS LT. ESPINOZA (SENIOR HEARING OFFICER) CLEARLY STATED ON JANUARY 20, 2023. THIS CONDUCT SHOWS A PATTERN OF SENIOR C.D.C.R EMPLOYEES ATTEMPTING TO COVER UP THE ILLEGAL ACTIONS OF THEIR CORRECTIONAL OFFICERS WITH A CLEAR DISREGARD FOR PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS.

CLAIM 3

THE DEFENDANTS HAVE VIOLATED RIGHTS AFFORDED UNDER THE EIGHTH AMENDMENT. THIS BY BEING DELIBERATELY INDIFFERENT TO HAZARDOUS CONDITIONS AT CSP-CORCORAN

SUPPORTING FACTS :

ON DECEMBER 9, 2022 WHILE HOUSED AT CSP-CORCORAN IN 3-C YARD, BUILDING 1 IN CELL #130, I WAS SNATCHED OUT OF MY CELL BY DEFENDANTS J. JUAREZ, WHOM IT SHOULD BE NOTED HAD BEEN AGRESSIVE IN THE PAST TOWARDS BLACK INMATES IN THE PAST, IN WHICH DEFENDANT T.L. CAMPBELL (WARDEN) IS FULLY AWARE, AND DEFENDANTS I. VIRDI, J. MUSSELMAN, I. SANCHEZ, A. VEGA WITH A KNOWING WILLINGNESS THAT HARM WOULD OCCUR AND UNPROVOKED, BEGAN TO SLAM PLAINTIFF TO THE CONCRETE PAVEMENT CAUSING UNNECESSARY AND WANTON INFLICTION OF PAIN IN A SUFFICIENTLY CULPABLE STATE OF MIND BEGAN TO MALICIOUSLY AND SADISTICALLY BEAT PLAINTIFF IN THE BACK, NECK, BACK OF THE HEAD, AND KNEES TO THE FACE AND BACK FOR THE VERY PURPOSE OF CAUSING HARM WITH OVER 30 STRIKES FOR NO REASON. THESE ILLICIT ACTS WERE ARBITRARY AND CAPRICIOUS, AND NOT A REASONABLE EXERCISE OF PRISON AUTHORITY AND DID NOT SERVE ANY LEGITIMATE CORRECTIONAL GOAL. THIS KIND OF ILLICIT CONDUCT WAS ENCOURAGED AND EVEN PRAISED BY DEFENDANTS T.L. CAMPBELL, E. GARZA, R. SILVA, P. RODRIGUEZ, R. HUERTA, R. OZUNA, AND H. HERNANDEZ AS SHOULD BE CLEAR IN THE PRESENT CASE BY THE WANTON DISREGARD OF PLAINTIFFS CIVIL AND CONSTITUTIONAL RIGHTS.

CLAIM 4

THE DEFENDANTS COMMITTED AN ASSAULT/BATTERY ON ME IN VIOLATION OF STATE LAW

SUPPORTING FACTS :

ON DECEMBER 9, 2022 THE DEFENDANTS J. JUAREZ, I. VIRDI, I. SANCHEZ, A. VEGA, J. ROBLES-AYALA, J. MUSSELMAN, M. ALVAREZ, M. ZEPEDA, AND H. HERNANDEZ IN A RACKETEERING INFLUENCED CORRUPT ORGANIZATION MANNER WHILE WORKING AT CSP-CORCORAN SNATCHED PLAINTIFF OUT OF 3C YARD BUILDING / CELL #130 OUT OF HIS CELL ~~WITH~~ AND WITH EXTREME FORCE SLAM HIM ONTO THE CONCRETE PAVEMENT CAUSING AN UNNECESSARY AND WANTON INFLICTION OF PAIN. THE DEFENDANTS THEN BEGAN TO TWIST PLAINTIFFS FOOT WHILE JUMPING ONTO PLAINTIFFS BACK WITH THEIR KNEES, PINNING HIS HANDS BENEATH HIS BODY, THE DEFENDANTS PROCEEDED TO MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM, PUNCH PLAINTIFF IN THE BACK OF THE NECK, BACK OF THE HEAD, BACK, AND KNEE PLAINTIFF IN THE HEAD IN A BRUTAL ASSAULT/BATTERY WITH A KNOWING WILLINGNESS THAT HARM WOULD OCCUR.

(RELIEF CONT.)

RELIEF THAT THE COURTS SEE FIT TO INCLUDE DECLARATORY DECREES AND INJUCTIVE RELIEF. PLAINTIFF ALSO SEEKS THAT NO FURTHER RETALIATION BY C.D.C.R. EMPLOYEES BE TAKEN AGAINST ME. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY. PLAINTIFF'S COST IN THIS SUIT. AND A PUBLIC APOLOGY BY THE HEADS OF C.D.C.R. FOR VIOLATING PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS. PLAINTIFF ALSO SEEKS IMMEDIATE RELEASE FROM C.D.C.R. TO PREVENT ANY ONGOING RETALIATION BY C.D.C.R. EMPLOYEES BECAUSE I EXERCISED MY RIGHT TO FILE THIS COMPLAINT.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _CEASAR DUNCAN_, declare:

I am over 18 years of age and a party to this action. I am a resident of _KERN VALLEY STATE PRISON_ Prison,

in the county of _KERN_,

State of California. My prison address is: _3000 CECIL AVE_,

_DELANO, CA. 93216_.

On _8/19/24_,
   (DATE)

I served the attached: _CIVIL RIGHTS COMPLAINT_

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _8/19/24_        _Ceasar Duncan_
           (DATE)                (DECLARANT'S SIGNATURE)