1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CEASAR DUNCAN,                          | Case No.  1:24-00970-HBK-(PC)

12                    Plaintiff,              | CASE MANAGEMENT SCHEDULING
                                              | ORDER
13           v.
                                              | Exhaustion-Based Motion: 1/20/2026.
14    E. GARZA, et al,
                                              | Complete Non-Expert Discovery: 10/26/2026
15                    Defendants.
                                              | Settlement Report: 11/18/2026
16
                                              | Dispositive Motion(s): 12/22/2026
17

18

19

20

21         On May 6, 2025, the Court stayed all deadlines in this case to allow the parties a chance to

22    engage in early alternative dispute resolution.  (Doc. No. 19). The parties engaged in a settlement

23    conference on October 16, 2025, which resulted in an impasse.  (*See* Doc. No. 31). Pursuant to

24    Federal Rules of Civil Procedure 1, 16, and 26-36, the Court sets forth the following case

25    management deadlines and discovery procedures for this case as follows:

26    **I.      Written Discovery**

27         Discovery requests shall be served by the parties in compliance with Rule 5 of the Federal

28    Rules of Civil Procedure (Fed. R. Civ. P.) and Eastern District of California Local Rule 135.

1    Discovery requests and responses shall <u>not</u> be filed with the Court unless required by Eastern

2    District California Local Rules 250.2, 250.3 and 250.4.  Absent leave of Court, discovery is

3    limited as follows:

4         A. The parties are limited to 15 Interrogatories (an interrogatory is a question sent by one

5    party to another, to be answered under oath, in order to clarify matters of fact and "may relate to

6    any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2);

7         B. The parties are limited to 15 Requests for Admission (a request for admission is a

8    written request that the opposing party "admit, for purposes of the pending action only, the truth

9    of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law

10   to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R.

11   Civ. P. 36(a)(1));

12        C.      The parties are limited to 15 Requests for Production (a request for production is a

13   written request that the opposing party produce documents or electronically stored information,

14   "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other

15   data or data compilations," or a written request that the opposing party produce any designated

16   tangible things. Fed. R. Civ. P. 34(a)(1)).

17        Responses to documents shall include all documents within a party's possession, custody,

18   or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody,

19   or control if the party has actual possession, custody, or control thereof, or the legal right to

20   obtain the property on demand. *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007).

21        Responses to written discovery, including the production of documents, shall be due

22   **within forty-five (45) days** after the request is served.  Boilerplate objections are disfavored and

23   may be summarily overruled by the Court.  All discovery must be completed by the above-

24   referenced discovery cut-off date.

25        The parties are required to act in good faith during discovery and are required to meet and

26   confer, via correspondence or telephonically, to resolve any discovery dispute prior to filing any

27   discovery motion.  Any motions to compel should be filed promptly after the non-receipt or

28   receipt of the objectionable discovery; and, in all cases no later than fourteen (14) days **before** the

2

1   non-expert discovery deadline expires.  Failure to timely file a motion to compel will result in a

2   waiver of any objections to discovery.  The moving party must include certification that they have

3   complied with their duty to meet and confer.  The failure to include a certification or show good

4   cause for failure to meet and confer will result in the motion being stricken.  The fact that Plaintiff

5   is incarcerated does not constitute good cause to excuse either parties' duty to fulfill the meet and

6   confer requirement.

7   **II.      Depositions**

8       Pursuant to Fed. R. Civ. P. 30(a)(2)(B), Defendants may depose Plaintiff and any other

9   witness confined in a prison upon condition that, at least fourteen (14) days before such a

10  deposition, Defendants serve all parties with the notice required by Rule 30(b)(1). Pursuant to

11  Fed. R, Civ. P. 30(b)(4), the parties may take any deposition under this section by video

12  conference, relieving the court reporter of the requirement to be in the physical presence of the

13  witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition. Nothing herein

14  forecloses a party from bringing a motion for protective order pursuant to Fed. R. Civ. P. 26(c)(1)

15  if deemed necessary.

16      Disagreement with any directive of security staff at the institution or prison at which the

17  deposition is scheduled is not a basis for the Plaintiff to refuse to answer questions. Further, the

18  failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions,

19  including terminating the action as provided in Fed. R. Civ. P. 37.

20  **III.     Case Management Deadlines**

21      The following deadlines shall govern this action:

22      A. Deadline to challenge exhaustion of administrative remedies: 1/20/2026.

23      B. Deadline to complete non-expert discovery: 10/26/2026. Any motions to compel must be

24  filed no later than fourteen (14) days before the non-expert discovery deadline. The motion(s)

25  should include a copy of the request(s) and any response to the request(s) at issue. The responding

26  party may file a response to the motion no later than twenty-one days from the date the motion is

27

28

3

1  filed. If, after reviewing the motion(s) and response(s), the Court determines that a hearing will be

2  helpful, the Court will set a hearing on the motion(s) to compel.

3      C. Deadline to Advise of Settlement Potential: 11/18/2026. Defendant(s) shall confer with

4  Plaintiff,[1] and no later than 11/18/2026, shall file a report indicating each party's position on

5

6  whether a further settlement conference would be productive.[2]

7      D. Deadline to file pre-trial dispositive motions: 12/22/2026. The deadline to file oppositions

8  to dispositive motions, including motions for summary judgment, is thirty (30) days from the date

9  the motion is filed. The deadline to file replies to oppositions is fourteen (14) days from the date

10  the opposition is filed. If a party needs an extension to these deadlines, that party may file a

11  motion for an extension of time.

12

13      E. In addition to complying with the applicable rules, a motion and incorporated

14  memorandum and any responses in opposition shall not exceed twenty-five (25) pages in length,

15  exclusive of exhibits. A moving party's reply brief shall not exceed seven (7) pages in length. A

16  party must move and show good cause for exceeding these page limitations before filing a motion

17  in excess of these pages. Any motions filed in excess of these page limitations may be struck.

18      F. Defendants shall lodge a Word version of any dispositive motion to chambers at:

19  hbkorders@caed.uscourts.gov and shall mail or deliver courtesy hard-copies of any motions with

20  exhibits that exceed twenty-five (25) pages in length to the Clerk of Court at 2500 Tulare St.,

21

22  Fresno, CA 93721 and marked "to the Attention of: HBK Chambers." Courtesy hard-copies shall

23  reflect the CM/ECF document numbers and pagination.

24      ////

25      ////

26

27

28

---

[1] The parties may confer by letter or telephonically
[2] If the parties request a settlement conference, the Court will stay the remaining deadlines.

4

1

**IV.    Further Dates and Deadlines**

2

If this case proceeds after dispositive motions have been resolved, or if no dispositive motions

3

are filed, the Court will set expert disclosure deadlines,[3] a telephonic trial confirmation hearing,

4

pretrial deadlines, and a trial date.

5

**V.    Effect of This Order**

6

The deadlines set forth above are firm and will only be extended upon a showing of good

7

8    cause. Eleventh hours motions, i.e., motions filed on the eve of the deadline expiration, to extend

9    a deadline will only be granted only upon a showing of extraordinary circumstances.

10

11

12    Dated:    October 21, 2025

13    HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

[3] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their
28    expert disclosures at any time.

5