ROB BONTA, State Bar No. 202668
Attorney General of California
CASSANDRA J. SHRYOCK, State Bar No. 300360
Supervising Deputy Attorney General
ALEXANDER DREW, State Bar No. 365884
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5614
  Fax:  (916) 732-7920
  E-mail:  Alexander.Drew@doj.ca.gov
*Attorneys for Defendants*
*J. Robles-Ayala, R. Huerta, M. Zepeda, E.Cantu, R. Ozuna, I. Singh Virdi, J.Musselman, V. Tuanu'u, R. Silva, E. Garza, H. Hernandez, A. Vega, California Department of Corrections and Rehabilitation - General, I. Sanchez, J. Juarez, M. Alavarez and P. Rodriguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CAESAR DUNCAN,**<br><br>                                    Plaintiff,<br><br>              v.<br><br>**T. CAMPBELL, et al.,**<br><br>                                    Defendants. | 1:24-cv-00970-HBK<br><br>**DECLARATION OF A. VASQUEZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)**<br><br>Judge:        The Honorable Helena M. Barch-Kuchta<br>Trial Date:    N/A<br>Action Filed:  December 13, 2024 |

I, A. Vasquez, make this declaration in support of Defendants' Motion for Summary Judgment.  If called, I can testify competently to the facts contained in this declaration for the reasons discussed below.  I declare as follows:

1

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR). I am the Grievance Coordinator at California State Prison Corcoran (CSPC) in Corcoran, California. The CSPC Office of Grievance (OOG) receives all inmate grievances ("appeals" or "602s") submitted by inmates at the institutional level. I am familiar with the sections of Title 15 of the California Code of Regulations that govern the administrative grievance process. I am familiar with the processing of grievances at CSPC. I have access to responses to grievances issued by this office. I make the following declaration of facts based on my knowledge and review of records kept in the normal course of business at CSPC, and, if called, I can testify competently thereto.

2. From late 2022 to early 2023, when the grievances were filed, the administrative grievance process consisted of two levels of review. Sections 3481, 3482, 3483, and 3845 of Title 15 of the California Code of Regulations describe these two levels of review. The first level of review is the Office of Grievances, which is located at the institution. The second level of review is the Office of Appeals, which is located at headquarters in Sacramento, CA.

3. Incarcerated persons are entitled to submit a written grievance to the Office of Grievances containing one or more claims to dispute a policy, decision, action, condition, or omission by the Department or departmental staff that causes some measurable harm to their health, safety, or welfare.

4. The California Code of Regulations requires the claimant to describe information known and available to them, including the names and titles of all involved staff members, or a description of those staff members, to the best of the claimants knowledge. This information is necessary so that the Office of Grievances can identify involved staff, conduct an investigation into the allegations and, if appropriate, to remedy the issue raised.

5. When a grievance is received in the Office of Grievances, it is date-stamped, assigned a log number, entered into a computer tracking system. The computer tracking system documents the incarcerated person's name, CDCR number, the date/time the grievance was received, the log number, the claim number(s), the claim category, the latest action take as to the grievance, including whether OOA has issued a final disposition of an adjudicated appeal, and notes the

2

reason of any screened out or cancelled grievance or appeal.  A completion of the review process by the Office of Grievances resulting in a decision identifying an allegation of staff misconduct exhausts all administrative remedies for that claim.  I am familiar with the record keeping and tracking system and have access to these records, which are kept in the ordinary course of business.

6. Incarcerated Person Caesar Duncan (Plaintiff), CDCR No. V08044, was incarcerated at CSPC in December 2022.  At the request of the Attorney General's Office, a search of the tracking system was conducted to ascertain whether Plaintiff submitted a grievance on or after December 9, 2022 (the date relevant to the allegations in Plaintiff's First Amended Complaint) regarding his claims that he was subjected to excessive force, that officers failed to intervene, and that officers retaliated against Plaintiff by filing a false rules violation report.  A thorough search of these records, which are kept in the ordinary course of business, showed that Plaintiff submitted two grievances to this office regarding those issues: Grievance Log No. 339447 and Grievance Log No. 356654.

7. Attached as **Exhibit 1** is a true and correct copy of Grievance Log No. 339447 from the CSPC's grievance tracking system.  Grievance Log No. 339447 was received on December 12, 2022.  It alleged Plaintiff was subjected to excessive force by correctional officers.  No staff were named or described in this grievance.  OOG issued a decision response to Grievance Log No. 339447 on December 24, 2022, a true and correct copy of which is attached as **Exhibit 2**.  The grievance was identified as alleging staff misconduct and, thus, the OOG decision exhausted administrative remedies for the claims and officials named in the grievance.

8. Attached as **Exhibit 3** is a true and correct copy of Grievance Log No. 356654, from the CSPC's grievance tracking system.  Grievance Log No. 356654 was received on January 25, 2023.  That grievance made the same allegations as those in Exhibit 1, with additional allegations that staff falsified documents including a rules violation report.  While some correctional staff were named and described in this grievance, there is no mention or description of Defendants Lieutenant Garza or Sergeant Tuanu'u.  Grievance Log No. 356654 was responded to on February 08, 2023, and a true and correct copy of that decision is attached as **Exhibit 4**.  The

grievance was identified as alleging staff misconduct and, thus, the OOG decision exhausted administrative remedies for the claims and officials named in the grievance.

9. A true and correct copy of the rules violation report described in Grievance Log No. 356654 is attached as **Exhibit 5**. Exhibit 5 does not mention either Lieutenant Garza or Sergeant Tuanu'u.

10. No other grievances concerning Lieutenant Garza or Sergeant Tuanu'u, or the allegations described in paragraph 6 of this declaration, were located.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 08 day of January, 2026.

_Alberto Vasquez_
A. Vasquez
Grievance Coordinator
California State Prison Corcoran

A. Vasquez Decl. ISO Defs.' Mot. For Summ. J. (1:24-cv-00970-HBK)

# EXHIBIT 1

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Grievance #: 339447 | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |

CSP-CORCORAN
Received
DEC 12 2022
OFFICE OF GRIEVANCES

_This is the process to ask for help with a complaint._

Claimant Name: _DUNCAN, CEASAR_  CDCR #: _V08044_ Current Housing/Parole Unit: _4A-4L-51_

Institution/Facility/Parole Region: _CORCORAN STATE PRISON (3C-01-130)_

In order for the Department to understand your complaint, make sure you have answered the following questions:

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned._
- _What specific action would resolve your complaint?_

ON 12-9-22, SOMETIME AFTER EVENING DAYROOM, I WAS BRUTALLY ASSAULTED BY NUMEROUS CORRECTIONAL OFFICERS WHERE I WAS RUTHLESSLY AND SAVAGELY PUNCHED IN THE BACK OF MY HEAD, KNEE'D IN MY BACK, PUNCHED IN MY NECK AND BASE OF MY SKULL. I WANT ALL OFFICERS INVOLVED TO BE TERMINATED IMMEDIATELY AND CHARGED WITH ATTEMPTED MURDER.!!!! I WANT ALL BODY WORN CAMERA VIDEO TO BE SAVED SO I CAN USE AS MY EVIDENCE ALONG WITH 3C-01 BUILDING CAMERA VIDEO OF INCIDENT SAVED AS WELL FOR FUTURE CRIMINAL AND CIVIL LITIGATION. I AM EXPERIENCING EXCRUCIATING PAIN IN MY HEAD, NECK, AND MY BACK FROM C.O. REPEATEDLY PUTTING ALL HIS WEIGHT IN MY BACK. MY RIBS HURT FROM THE WEIGHT OF KNEES AND PRESSURE IN MY BACK THAT MY RIBS WERE BEING CRUSHED FROM THE C.O.'s CONSTANT UP AND DOWN MOVEMENT INTO MY BACK AND MY RIBS AGAINST CONCRETE FLOOR. THERE IS NO REASON TO JUSTIFY THESE BRUTAL ACTIONS WHEN I WAS NOT COMBATIVE IN ANY WAY. THESE ACTIONS

**DISTRIBUTION**     Original: Offender's File     Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA

**GRIEVANCE**

CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

WERE TAKEN BY A BUNCH OF ROGUE C.O.'S WHO ARE ENCOURAGED BY THEIR SERGEANT'S, LIEUTENANT'S, CAPTAIN TO BEAT INMATES AT WILL IN VIOLATION OF STATE AND CIVIL LAW. I WANT A FULL INVESTIGATION INTO THIS MATTER AND I WANT EACH C.O. INVOLVED PROSECUTED TO THE FULLEST EXTENT OF THE LAW AND THEIR CHECKS AND PENSIONS TERMINATED FOR VIOLATING MY CIVIL RIGHTS. I ALSO ASK THAT NO RETALIATION IN ANY FORM BE TAKEN AGAINST ME BECAUSE I AM EXERCISING MY RIGHTS. I'M EXPERIENCING DIZZY SPELLS, MY LEFT LEG KEEP SHAKING, MY HEADACHES ARE EXCRUCIATING FROM THE GROUND AND POUNDING I TOOK TO THE BACK OF MY HEAD BY NUMEROUS C.O.'S POUNDING ON ME WITH CLOSED FISTS. MY FEDERAL CIVIL RIGHTS WERE CLEARLY VIOLATED AND I WANT EXPEDIENT JUSTICE AND TO BE RELEASED BACK TO THE YARD AND ALL BOGUS CHARGES AGAINST ME DISMISSED.

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

**Claimant Signature:** Ceasar Duncan     **Date Signed:** 12-11-22

**DISTRIBUTION     Original:** Offender's File     **Copies:** DAI, DAPO, and Offender

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 03/12)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| DUNCAN, C. | V08044 | 4A-4L-51 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

EXCESSIVE FORCE

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** _____

ON 12-9-22, AT APPROXIMATELY SOME TIME AFTER DAYROOM (NIGHT) RECALL, I WAS BRUTALLY ASSAULTED BY NUMEROUS C.O.'S WHERE I WAS

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** _____

SEE 602-1 ATTACHED

**Supporting Documents: Refer to CCR 3084.3.**

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____

_____    _____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

_____

**Inmate/Parolee Signature:** C. Duncan          **Date Submitted:** 12-11-22

☐ **By placing my initials in this box, I waive my right to receive an interview.**

OFFICIAL USE ONLY
CSP-CORCORAN
Received
DEC 12 2022
OF GRIEVANCES

STAFF USE

**C. First Level - Staff Use Only**

Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter) Date: _____

☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | AC Use Only<br>Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted :_____

**E. Second Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?    ☐ Yes    ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:   ☐ Granted      ☐ Granted in Part      ☐ Denied      ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed :_____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ /____ /____ |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)    Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ /____ /____ |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date:_____

Print Staff Name: _____ Title: _____ Signature:_____ Date:_____

# EXHIBIT 2

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** DUNCAN, CAESAR

**CDC#:** V08044

**Current Location:** COR-Facility 04A

**Date:** 12/24/2022

**Current Area/Bed:** 04AA4LB2 - 039001L

**Log #:** 000000339447

## Claim #: 001

**Received at Institution/Parole Region:**      California State Prison, Corcoran

**Submitted to Facility/Parole District:**      COR-Facility 04A

**Housing Area/Parole Unit:**

**Category:**   Offender Safety and Security                     **Sub-Category:**   Use of Force

The California Department of Corrections and Rehabilitation received your grievance on 12/12/2022 which you submitted on 12/09/2022.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

# EXHIBIT 3

STATE OF CALIFORNIA · DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**

CDCR 602-1 (Rev. 01/22)

Page 1 of 2

| STAFF USE ONLY | OGT Log No: _356654_ | Date Received: ____ |
|---|---|---|
| | Decision Due Date: ____ | |
| | Categories: ____ | |

Claimant Name: _Duncan, C._    CDCR #: _V08044_

Institution/Parole Region: _CSP/Corcoran_    Current Housing/Parole Unit: ____

**STAFF USE ONLY**

Use this form to file a complaint with the Department.

**In order for the Department to understand your complaint, please answer all of the following questions:**

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*



ON 12-9-22, I WAS A VICTIM OF "EXCESSIVE FORCE" BY NUMEROUS C.O.'S AND AFTER THEY FINISHED BEATING ME IN FRONT OF MY CELL #130 IN 3C-01, I ASSERTED MY RIGHTS BY TELLING SGT. H. HERNANDEZ THAT I WANTED EVERY OFFICER INVOLVED TO BE CHARGED WITH EXCESSIVE FORCE. SGT. H. HERNANDEZ IN DIRECT RESPONSE RETALIATED AGAINST ME BY TELLING HIS OFFICERS TO CHARGE ME WITH "BATTERY ON A PEACE OFFICER" WHICH IS A LIE! SGT H. HERNANDEZ WITHOUT EVER REVIEWING CAMERA FOOTAGE OR DOING ANY INDEPENDANT INVESTIGATION MADE THIS DETERMINATION. C.O. I. VIRDI, C.O. J. JUAREZ, C.O. A. VEGA, AND C.O. I. SANCHEZ ALL MADE A CONSCIOUS DECISION TO RETALIATE AGAINST ME, AFTER THEY JUST USED EXCESSIVE FORCE AGAINST ME, AND I DEMANDED THEY BE CHARGED AND HELD ACCOUNTABLE FOR VIOLATING MY RIGHTS, THEY PROCEEDED TO LIE AND FALSIFY DOCUMENTS BY CLAIMING THAT I BATTERED C.O. I. VIRDI BY STRIKING HIS "LEFT FOREARM" WITH MY HAND

ADA Accessible

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

AND PUSHING IT (HIS HAND) OFF THE DOOR. THIS STATEMENT WAS FALSE AND C.O. I. VIRDI'S BODY-WORN CAMERA #B8A44F29B590 PROVES I NEVER TOUCHED HIM! AS A RESULT OF SGT. H.HERNANDEZ, LT. R. SILVA, LT. R. OZUNA, I.S.U. LT. HUERTA, SGT. P.RODRIGUEZ, CCII E.CANTU ALL SIGNING OFF ON THESE LIES AND FALSIFIED DOCUMENTS WITHOUT ONCE VIEWING THE CAMERA FOOTAGE BEFORE THEY SIGNED OFF ON THIS ARE ALL RESPONSIBLE FOR RETALIATION AND FALSIFYING DOCUMENTS WHICH CAUSED ME TO BE PLACED IN AD. SEG. TO SUFFER EVEN MORE AFTER BEING SAVAGELY BEATEN IN MY HEAD BY THEIR CO-WORKERS/FRIENDS TO "COVER THEIR ASSES" FOR THE VIOLENT ACTS USED AGAINST ME FOR NO REASON. THE INITIAL "ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE" CLEARLY STATES "ON DECEMBER 9, 2022, YOU PHYSICALLY STRUCK OFFICER 'A. VEGA' ON HIS HAND CAUSING STAFF TO UTILIZE PHYSICAL FORCE TO EFFECT CUSTODY OF YOUR PERSON TO PREVENT ANY FURTHER VIOLENCE." THIS WAS A LIE AND C.O. A. VEGA'S BODY-WORN CAMERA #B8A44F2E409F PROVES I NEVER TOUCHED HIM! WHEN C.O. RENDON SERVED ME MY R.V.R. (LOG #0000000007250566), INSTEAD OF THE C.O. WHOM I'M ALLEGED TO HAVE "BATTERED" A. VEGA, IT'S AN ENTIRELY DIFFERENT C.O. NAMED IN THE R.V.R.! ADDITIONAL PROOF OF FALSIFICATION OF DOCUMENTS! EITHER WAY, ALL VIDEO CAMERA FOOTAGE SHOWS CLEARLY THAT I NEVER BATTERED, NEVER STRUCK, NEVER EVEN TOUCHED ANYBODY BEFORE EXCESSIVE FORCE WAS USED AGAINST ME !!! ALL OFFICERS, SGT., LT.'S, CCII NAMED IN THIS 602 ARE ALL GUILTY OF RETALIATION AND FALSIFYING DOCUMENTS AND SHOULD BE IMMEDIATELY TERMINATED AND HELD TO ACCOUNT FOR THEIR CONSPIRATORIAL ACTIONS AGAINST ME AND NOT ADHERING TO TITLE 15 § 3268.1 (3)(c) INSTEAD OF RETALIATING AND FALSIFYING EVIDENCE ONLY BECAUSE I ASSERTED MY RIGHTS TO CHARGE THE OFFICERS FOR EXCESSIVE FORCE !!! ON 1-19-23 LT. ESPINOZA DISMISSED THE "BATTERY ON A PEACE OFFICER" BECAUSE CAMERA SHOWS THEY LIED. BASED ON THIS LIE AND AS A DIRECT RESULT OF THIS INCIDENT, C.O. I. VIRDI AND THE OTHER OFFICERS THAT BEAT ME FILED FRAUDULENT WORKER'S COMPENSATION CLAIMS !!!

**Claimant Signature:** _Cesar Duncan_    **Date Signed:** 1-24-23

ADA Accessible

# EXHIBIT 4

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** DUNCAN, CAESAR

**Date:** 02/08/2023

**CDC#:** V08044

**Current Location:** COR-Facility 04A

**Current Area/Bed:** 04AA4LB2 - 039001L

**Log #:** 000000356654

## Claim #: 001

**Received at Institution/Parole Region:**    California State Prison, Corcoran

**Submitted to Facility/Parole District:**    COR-Facility 04A

**Housing Area/Parole Unit:**

**Category:**    General Employee Performance        **Sub-Category:**    Document Misuse

The California Department of Corrections and Rehabilitation received your grievance on 01/25/2023 which you submitted on 01/24/2023.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

# EXHIBIT 5

Case 1:24-cv-00970-HBK     Document 37-1     Filed 02/03/26     Page 18 of 21



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER<br>V08044 | INMATE'S NAME<br>DUNCAN, CAESAR | MEPD<br>08/05/2025 | FACILITY<br>COR-Facility 03C | HOUSING LOCATION<br>COR-03C - 03C001 1 - 130001L |
|---|---|---|---|---|
| VIOLATION DATE<br>12/09/2022 | VIOLATION TIME<br>20:05:00 | VIOLATION LOCATION<br>COR-Facility 03C - CELL | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Friday December 9, 2022 at approximately 2005 hours while performing my duties as 3C building 1 floor officer #2. I went in front of cell #130 which is occupied by inmate Duncan (CDCR#V08044, 3C01-130L) and inmate Mcvay (CDCR#F05318, 3C01-130U) to pass supplies. I observed inmate Duncan have cell phone in his right hand. I got back into my office and notified control booth Officer J. Almarez that I'm going to perform search of cell #130. Floor officer J. Musselman called for additional staff on her institutional radio. Responding staff Officer J. Juarez, A. Vega, I Sanchez arrived in the building for assistance. We positioned in front of cell #130. Control booth Officer J. Almarez electronically opened cell# 130, at that time both inmates Duncan and inmate Mcvay were in their cell. I gave inmate Duncan and inmate Mcvay a direct order to exit the cell for cell search which inmate Duncan did not comply. Inmate Duncan started being aggressive and closed his cell door. In the process Inmate Duncan battered me by striking my left forearm with his hand and pushing it off the door. Control booth Officer J. Almarez opened cell# 130 door again. I activated my Personal Alarm Device (PAD). Officer J. Juarez gave inmate Duncan another direct order to exit his cell which yielded negative result. Officer A. Vega and Officer I. Sanchez un-holstered their MK-9 OC Pepper Spray. Officer I. Sanchez gave inmate Duncan direct order to submit to handcuffs which he did not comply. Due to Officer J. Juarez positioned in front of Officer I. Sanchez and Officer A. Vega holstered their MK-9 OC Pepper Spray. Officer J. Juarez grabbed inmate Duncan forearm with both of his hands to place inmate Duncan in Mechanical Restraints (Handcuffs). Inmate Duncan resisted by turning his body away to get free of Officer J. Juarez grasp. Officer J. Juarez utilized physical force to force inmate Duncan down on the ground by pulling inmate Duncan's left arm with his both hands and forced him to ground using his body weight. Officer A. Vega assist Officer J. Juarez to force inmate Duncan to the ground but I do not recall his exact hand placement. Inmate Duncan was still resisting by trashing his body side to side while he was laying on his back. Once on the floor Officer J. Juarez grabbed inmate Duncan left leg and rolled inmate Duncan to his stomach. Inmate Duncan was still resistive by not placing his hands behind his back. He kept his hands underneath his body while he was laying on his stomach. Due to rapid movements and my focus on taking the left arm out from underneath inmate Duncan's body I did not observe which officer used force during that moment. I grabbed Inmate Duncan's left arm with my both hands, pulled it out from underneath his body and assist Officer A. Vega to apply handcuffs by forcing inmate Duncan's left arm behind his back. While holding inmate Duncan's on the ground I observed Sergeant. H. Hernandez assisted Officer A. Vega to apply restraints on his right arm by forcing inmate Duncan's right arm behind his back. Due to my focus on inmate Duncan I did not recall how Sergeant. H. Hernandez forced inmate Duncan's arm behind his back. Officer I. Sanchez was holding inmate Duncan down on the ground by applying pressure on his upper torso with both hands. Once inmate Duncan was secured in handcuffs he was assisted to his feet and sat on the table in the dayroom. Officer M. Alvarez applied leg restraints and escorted inmate Duncan out to the 3C program. Responding staff M. Zepeda escorted inmate Mcvay to the 3C program. After the incident Investigative Services Unit (ISU) Officer P. Huerta took pictures of my injuries in 3C Program. I was instructed by Sergeant H. Hernendez to report to the Correctional Treatment Center (CTC) to be evaluated of my injuries. This concludes my involvement in this incident.
PRNR# 135734
BWC# B8A44F29B552

| REPORTING EMPLOYEE<br>I. Virdi | TITLE<br>Correctional Officer | ASSIGNMENT<br>3C01 Floor 2 | RDO<br>S/M | DATE:<br>12/13/2022 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007250566 | VIOLATED RULE NUMBER: 3005(d)(1) |
|---|---|
| SPECIFIC ACT: Battery on a Peace Officer | |

CLASSIFICATION

| LEVEL: Serious | OFFENSE DIVISION: Division B |
|---|---|
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: Yes |

| REVIEWING SUPERVISOR<br>H. Hernandez | TITLE<br>Sergeant | DATE<br>12/13/2022 |
|---|---|---|

| CLASSIFIED BY<br>R. Silva | TITLE<br>Lieutenant | DATE<br>12/14/2022 |
|---|---|---|

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Case 1:24-cv-00970-HBK     Document 37-1     Filed 02/03/26     Page 19 of 21

CDCR SOMS ISST120 - RULES VIOLATION REPORT

Case 1:24-cv-00970-HBK     Document 37-1     Filed 02/03/26     Page 19 of 21

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.



## RULES VIOLATION REPORT

| CDC NUMBER<br>V08044 | INMATE'S NAME<br>DUNCAN, CAESAR | MEPD<br>08/05/2025 | FACILITY<br>COR-Facility 03C | HOUSING LOCATION<br>COR-03C - 03C001 1 - 130001L |
|---|---|---|---|---|
| VIOLATION DATE<br>12/09/2022 | VIOLATION TIME<br>20:05:00 | VIOLATION LOCATION<br>COR-Facility 03C - CELL | | |

| INMATE NOTIFICATION |
|---|

| POSTPONEMENT OF DISCIPLINARY HEARING |
|---|

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE<br>☐ Refuse to Sign ☐ Unable to Sign | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE<br>☐ Refuse to Sign ☐ Unable to Sign | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE<br>☐ Refuse to Sign ☐ Unable to Sign | DATE |

| STAFF ASSISTANT |
|---|

| ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE SIGNATURE<br>☐ Refuse to Sign ☐ Unable to Sign | DATE |
|---|---|---|

| INVESTIGATIVE EMPLOYEE |
|---|

| ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE SIGNATURE<br>☐ Refuse to Sign ☐ Unable to Sign | DATE |
|---|---|---|

### SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
See California Code of Regulations, Title 15 (CCR) for details

**A.    TIME CONSTRAINTS -**
1.    A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2.    The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3.    REFERRAL FOR PROSECUTION - **(Serious Rules Violations Only)** - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4.    Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

**B.    INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -**
1.    General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

        outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.

2.     Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)

3.     Investigative Employee - **(Serious Rules Violations Only)** - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)

4.     Witnesses - **(Serious Rules Violations Only)** - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)

5.     Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

**C.**     **DISPOSITION** - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

**D.**     **APPEAL** - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.